Compiler

# IN THE SUPERIOR COURT
# OF GUAM

In the Matter of:                           )    Special Proceedings Case no. SP035-10
                                            )
JULIETTA QUINENE,                           )
                                            )
                    Petitioner,             )
                                            )
        vs.                                 )
                                            )
                                            )    **DECISION AND ORDER**
CIVIL SERVICE COMMISSION,                   )    re: Petition for Judicial Review
                                            )
                    Respondent,             )
                                            )
                                            )
GUAM MEMORIAL HOSPITAL                       )
AUTHORITY,                                   )
                                            )
                    Real Party in Interest.)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on January 20, 2012. The Petitioner was represented by Attorney Daniel S. Somerfleck. The Civil Service Commission ("Commission") was represented by Attorney Sophia Santos Diaz. The Guam Memorial Hospital Authority ("GMH") was represented by Attorney Minakshi V. Hemlani. After considering the matters presented, the court now issues the following decision and order denying the Petitioner's petition because the Commission's decision was in accordance with the law.

## BACKGROUND

Petitioner was a Hospital Nurse Supervisor with GMH until September 14, 2009 when she was demoted. According to the September 10, 2009 Final Notice of Adverse Action she was demoted for the following reasons: (1) unexcused or unauthorized absence, (2) disobedience to constituted authorities (insubordination), and (3) failure or delay in carrying

ORIGINAL

out orders, work assignments or instructions. Petitioner timely appealed the Final Notice to the Commission. On February 4, 2010, the Commission denied Petitioner's motion to revoke for procedural defect.

Petitioner then appealed to this court by filing a petition for judicial review on February 25, 2010. Petitioner argues that the Commission's decision regarding 4 GCA § 4406 was erroneous. More specifically, she argues that she was not given notice of the charges against her within the 60 day requirement laid out in 4 GCA § 4406. Thus, Petitioner asks the court to reinstate her to her former position and award her back pay.

## DISCUSSION

The standard of review to be applied by a trial court, upon judicial review of the agency's action, is as follows: "If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence." 5 GCA § 9240 (2005). The court always reviews questions of law *de novo*. *Nissan Motor Corp. in Guam v. Sea Star Group Inc.*, 2002 Guam 5 ¶ 10. Further, the court must weigh the record as a whole, weighing both the evidence that supports and evidence that detracts from the agency's decision. *Lopez v. Guerrero*, 882 F.Supp 952 (D. Guam App. Div. 1995) citing *Baxter v. Sullivan*, 923 F.2d 1391 (9th Cir. 1991). Additionally, the court must uphold the agency's decision where the evidence is susceptible to more than one rational interpretation. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984).

The court is required to affirm the Commission's findings of fact, and any conclusions resulting therefrom, if supported by substantial evidence. *Fagan v. Dell'Isola*, 2006 Guam 11 ¶ 11. This is because a reviewing body "may not substitute its views for those of the [agency], but instead must accept the [agency's] findings unless they are contrary to law, irrational, or

ORIGINAL

unsupported by substantial evidence." *Id.* Thus, the court must first determine whether the Commission's decision was in accordance with law. 5 GCA § 9240 (2005); 22 GCA § 9122 (2005). Second, the court must determine whether the Commission's decision was supported by substantial evidence. 5 GCA § 9240. "[S]ubstantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bondoc v. Worker's Comp. Comm'n*, 2000 Guam 6 ¶ 6.

**Whether the Commission's decision was "in accordance with the law"**

In reviewing the Commission's decision and order, it is necessary to begin with whether the decision was in accordance with the law. In doing so, the court must determine whether the Commission's decision regarding 4 GCA § 4406 was erroneous. That section provides,

> An employee in the classified service who is dismissed, demoted or suspended shall be given immediate notice of the action, together with a specific statement of the charges upon which such action is based in the manner required by Article 2 of this Chapter. . . In no event may an employee in the classified service be given notice and statement of the charges required by this Section after the *sixtieth (60th)* day after management knew or should have known the facts or events which form the alleged basis for such action. Any action brought by management in violation of this Section is barred and any decision based upon such action is void.

4 GCA § 4406. Petitioner argues she was not given notice of the charges against her within the 60 day requirement. Petitioner asserts that the June 28, 2009 incident played a significant part and was the primary reason for her demotion. She also argues that the Final Notice of Adverse Action states the reason for her demotion occurred on June 28, 2009. Because she did not receive the Final Notice until September 10, 2011, some 75 days later, she argues the Final Notice did not come to her within the requisite 60 days as required by 4 GCA § 4406.

The Commission however, disagreed with the Petitioner. The Commission found the alleged wrong was based on Petitioner's failure to timely return from leave on July 13, 2009



not the date she requested leave, which is June 28, 2009. The Petitioner was granted leave for two weeks and was supposed to return to work on July 13, 2009. Petitioner however did not return to work until July 19, 2009. Therefore, the Commission found the Final Notice came within the requisite 60 days because the clock started on July 13, 2009, the day Petitioner failed to return to work.

Based on our *de novo* review of the question of law in this case, the court concludes that the Commission's decision is in accordance with the law. Although the incidents mentioned in the Final Notice of Adverse Action prior to July 13, 2009 may either be background information or additional reasons for the Petitioner's demotion, the court agrees with the Commission that the alleged wrong was based on the Petitioner's failure to timely return from leave. The 60 day clock started on July 13, 2009, when the Petitioner failed to return to work. Therefore, the court finds that Commission's decision was in accordance with the law.

## CONCLUSION

Based on the foregoing, the Petitioner's request for relief is hereby DENIED.

SO ORDERED, this 30 day of _____March_____ 2012.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

ORIGINAL